UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
TRUC LY NGUYEN,

    Debtor.
_____/

STEPHEN L. MEININGER, as
Chapter 7 Trustee of the
Estate of Truc Ly Nguyen,

    Plaintiff,

v.                  CASE NO:  8:11-cv-51-T-33
                    Bankruptcy Case No: 8:10-BK-05307-KRM
                    Adv. Pro. # 8:10-ap-0123-KRM

EMC MORTGAGE CORPORATION,

    Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Defendant EMC Mortgage Corporation's Motion to Withdraw the Reference (Doc. # 1).  Plaintiff filed a Response in opposition thereto (Doc. # 2-2).

    Plaintiff filed a complaint against Defendant in Bankruptcy Court on October 21, 2010 alleging violations of the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *et seq*.  Defendant now seeks to have this matter withdrawn to the District Court because it is a non-core

proceeding and because considerations of judicial efficiency and economic use of the parties' resources strongly favor withdrawal of the reference.

The Court may withdraw a reference for cause shown. See In re Simmons, 200 F.3d 738, 741 (11th Cir. 2000); 28 U.S.C. § 157(d). "[I]n determining whether cause existed a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." In re Simmons, 200 F.3d at 742 (reversing the district court's withdrawal of the reference because, among other things, the district court's decision "hindered the [bankruptcy] process...."). Additional factors for the Court's consideration include: "(1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." In re Price, No. 2:06-mc-3317-MHT, 2007 WL 2332536, at *2 (M.D. Fla. Ala. Aug. 13, 2007).

Upon due consideration, the Court finds that these factors weigh in favor of the matter remaining in the Bankruptcy Court. Defendant has not demanded a jury trial in this matter. Further, economic use of the parties' resources

and facilitation of the bankruptcy process will both be fostered by a denial of the motion to withdraw the reference as this adversary proceeding and the debtor's main bankruptcy case would remain in the same forum that is already responsible for resolving claims related to the bankruptcy estate.

The Court notes that the Bankruptcy Court has adjudicated and has pending a number of unlawful collection practices adversary proceedings involving both the Florida Consumer Collections Practices Act and its federal counterpart, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. As such, the familiarity with these types of adversary proceedings and this Debtor render the Bankruptcy Court the most appropriate forum for this matter.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant EMC Mortgage Corporation's Motion to Withdraw the Reference (Doc. # 1) is **DENIED.**

(2) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of February, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record